UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIHONG XIA, *et al.*,<br>                    **Plaintiffs,**<br><br>           v.<br><br>JOHN F. KERRY, U.S. Secretary of State,<br>*et al.*,<br>                    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 1:14-cv-00057-RCL

## MEMORANDUM OPINION

This matter comes before the Court on the plaintiffs' Motion for Leave to File Amended

Complaint [24]. Upon consideration of the record and applicable legal standards, the plaintiffs'

motion will be DENIED.

## I.  BACKGROUND

Plaintiffs brought suit against John F. Kerry, Secretary of State, and Jeh C. Johnson,

Secretary of the Department of Homeland Security ("Defendants"), in January 2014.[1] Compl. 1.

The plaintiffs alleged violations of the Due Process Clause of the Fifth Amendment; the Civil

Rights Act ("CRA"), 42 U.S.C. §§ 1981, 1983; the Immigration and Nationality Act ("INA"), 8

U.S.C. §§ 1421, 1451(a); and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*

Am. Compl. ¶¶ 62–71.

This Court dismissed the plaintiffs' claims sua sponte in November 2014 for failure to

state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 19. Namely, the

Court found that three of the four plaintiffs' Fifth Amendment, INA, and APA claims failed

because only Xia had administratively exhausted her claim. ECF No. 18 at 14–15. The Court

---

[1] The Court only provides facts essential to the present motion.

also found that the complaint failed to state a claim under the Fifth Amendment because it did not describe "what additional procedures plaintiffs believe[d] they were guaranteed pursuant to the Due Process Clause." *Id.* at 11.

Additionally, the Court determined that the plaintiffs did not adequately state a cause of action under the CRA, 42 U.S.C. §§ 1981, 1983, because they failed to allege that the defendants acted "under color of state law." *See id.* at 12–13 (noting that these sections of the CRA are inapplicable to actions against "federal defendants acting under color of federal law"). The complaint also failed to state a claim under the INA §§ 1421 and 1451(a) because, in sum, these statutes did not apply to the provided facts. *Id.* at 14.

Finally, the plaintiffs did not adequately plead specific violations of the APA. They made broad claims that their passports were arbitrarily revoked and did not explain how this revocation was arbitrary or what process they were denied when their naturalization certificates were cancelled. *Id.* at 15. Furthermore, the Court determined that "[e]ven if plaintiffs had adequately pleaded specific violations of the APA, plaintiff Xia likely would be precluded from such a claim because she ha[d] an alternate judicial remedy available to her." *Id.* at 14.

This "alternate judicial remedy" available to Xia is § 1503 of the INA. *See id.* at 16 ("[O]nly plaintiff Xia has administratively exhausted her claims, and therefore is entitled to bring a claim under Section 1503."). As asserted by the Court, "At the heart of Xia's claim is her desire to be recognized as a United States citizen: to be afforded due process and obtain a lawful passport and Naturalization Certificate. This seems to be exactly the opportunity Section 1503 offers her." *Id.* (internal citations omitted). "Section 1503 permits citizens to have an Article III court adjudge their citizenship *de novo* if it is questioned. A successful adjudication would permit Xia to obtain the relevant paperwork." *Id.* at 16–17.

The Court also noted that courts must generally give plaintiffs an opportunity to amend their complaint following a sua sponte dismissal of their claims. *Id.* at 8. Thus, though the Court dismissed the plaintiffs' complaint, it identified an opportunity for plaintiff Xia to move to file an amended complaint, presumably based on § 1503.

The plaintiffs filed a motion for reconsideration [21] of the dismissal, which the Court denied because the dismissal was not a "final judgment." ECF No. 23 at 1. In this memorandum, the Court once again reminded the plaintiffs that they could request leave to file an amended complaint. *See id.* at 2 ("[P]laintiffs *are* permitted to seek to file an amended complaint in an attempt to satisfy the requirements of *Twombly* and *Iqbal.* Of course, this motion must be accompanied by a proposed amended complaint that plaintiff's [sic] will seek to file, giving defendants an opportunity to oppose.").

In April 2015, the plaintiffs filed a motion for leave to file an amended complaint. ECF No. 24. The proposed amended complaint once again requests relief under the Fifth Amendment, the CRA, the INA, and the APA, but it also adds a claim under § 1447 of the INA and explicitly invokes § 1503 of the INA, as recommended by the Court. ECF No. 24-1.

Defendants oppose the plaintiffs' motion for leave to amend on multiple grounds. In short, the defendants argue that the plaintiffs' amended complaint "does not remedy the fatal flaws of their original complaint." *Id.* at 10. Additionally, the defendants assert that this Court is the incorrect venue for plaintiff Xia's § 1503 claim.

The Court must now determine whether the plaintiffs should be granted leave to file their proposed amended complaint in light of these challenges.

## II.   LEGAL STANDARDS

### A.  Leave to Amend

Courts should grant leave to amend a complaint under Federal Rule of Civil Procedure 15(a) "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Nattah v. Bush*, 541 F. Supp. 2d 223, 229 (D.D.C. 2008). It is within a court's discretion to deny leave to amend, however, for "sufficient reason," such as undue delay, bad faith, dilatory motive, failure to cure deficiencies by previous amendments, or futility of the amendment. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (finding that the district court did not abuse its discretion when it denied leave to amend because the amended complaint would have been futile). A motion to amend is considered futile "if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (citing *Foman*, 371 U.S. at 181–82).

## B. Venue

"If the district in which the action is brought is not a proper venue, then that district court may either dismiss, 'or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Roman-Salgado v. Holder*, 730 F. Supp. 2d 129 (D.D.C. 2010) (quoting 28 U.S.C. § 1406(a)). Though transfer is typically favorable, it is within the sound discretion of the court to determine whether dismissal or transfer is "in the interest of justice." *Roman-Salgado*, 730 F. Supp. at 129 (citing *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983)). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).

Section 1503 of the INA includes a specific venue provision, stating that actions under this subsection "shall be filed in the district court of the United States for the district in which

4

such person resides or claims a residence . . . ." 8 U.S.C. § 1503(a). This requirement of § 1503

overrides the general venue provisions of federal law. *See Roman-Salgado*, 730 F. Supp. 2d at

129 (citing 28 U.S.C. § 1391(e) (stating that the general venue rules of federal courts listed

control "except as otherwise provided by law")); *see also Frank v. Brownell*, 149 F. Supp. 928,

931 (D.D.C. 1957) ("As to the exclusiveness of the venue provision of [8 U.S.C. § 1503(a)], I

find little ground for debate, absent waiver.").

Accordingly, actions under § 1503 must be brought in the district where the plaintiff

resides. 8 U.S.C. § 1503(a). Where the plaintiff resides for the purpose of venue determination is

based on where she resided when the action was initiated. *See North v. Rooney*, No. 03-1811

(JBS), 2003 WL 21432590, at *4 (D. N.J. June 18, 2003) ("Under these facts, the Court likely

has subject matter jurisdiction over this matter pursuant to § 1503(a). Venue is proper in the

District of New Jersey because of plaintiff's residency at F.C.I. Fairton at the time of filing the

Complaint through today.").

## III.   APPLICATION

### A. Deficiencies Repeated in the Amended Complaint

#### i.   *Lack of Administrative Exhaustion*

Though the plaintiffs claim in their amended complaint that "[n]o administrative

remedies under the U.S. Constitution, the Immigration and Naturalization Act ("INA") and the

Administrative Procedure Act ("APA") remain to be exhausted that would not be futile or would

provide the relief sought in this complaint," they neither explain why the plaintiffs—other than

Xia—failed to appeal the USCIS's decisions, nor why these appeals would have been futile. Am.

Compl. ¶ 81; *see* ECF No. 18 at 10 (stating that, in this case, "[t]here is no 'certainty of an

adverse decision or indications that pursuit of administrative remedies would be clearly

useless.'" (quoting *Cost v. Soc. Sec. Admin.*, 770 F. Supp. 2d 45, 50 (D.D.C. 2011))). The amended complaint also asserts that plaintiff Liu "has exhausted his administrative remedies and, for his losses, has no adequate remedy at law" but does not explain how his failure to appeal the decision does not amount to a failure to exhaust his administrative remedies. Am. Compl. ¶ 91.

Additionally, plaintiffs do not demonstrate what "exceptional circumstances" present in this case mandate waiver of the exhaustion requirement. *See* ECF No. 18 at 9 ("Thus, '[t]he exhaustion requirement may be waived in only the most exceptional circumstances.'" (quoting *Ly v. U.S. Postal Serv.*, 775 F. Supp. 2d 9, 12 (D.D.C. 2011))). Consequently, three-quarters of the plaintiffs have not resolved the exhaustion deficiencies plaguing their Fifth Amendment, INA, and APA claims.

### ii.   *Vagueness of Due Process Claim*

Plaintiffs' amended complaint also fails to clearly state "what sort of process is due" under the Fifth Amendment. *See id.* at 11 (stating this as a requirement for due process claims) (quoting *Elkins v. Dist. of Columbia*, 93 F.3d 861, 869 (D.C. Cir. 1996)). The amended complaint once again makes vague allegations that the plaintiffs were denied "due process of law such as hearings in any administrative procedures or an open court." Am. Compl. ¶ 96; *see* ECF No. 18 at 11 ("While plaintiffs make the vague allegation that they were denied 'hearings in any administrative procedures and or [sic] an open court,' their filings demonstrate that in fact plaintiffs were provided with process that included hearings and the right to appeal." (internal citation omitted)). Consequently, all four of the plaintiffs' Fifth Amendment claims fail in this respect and would not survive a motion to dismiss.

### iii.   *Failure of CRA Claims to Allege Acts Conducted Under Color of State Law*

Though the Court specifically criticized the plaintiffs' failure to allege acts conducted "under color of state law" in their prior complaint, the plaintiffs' amended complaint still claims that the defendants acted merely "under color of law." Am. Compl. ¶¶ 80, 97, 102; ECF No. 18 at 12–13. Sections 1981 and 1983 of the CRA do "not apply to federal defendants acting under color of federal law." ECF No. 18 at 12–13. Because the plaintiffs' amended CRA claims are still lacking this "essential element," they also would not survive a subsequent motion to dismiss.

### iv.   *Further Shortcomings of INA and APA Claims*

In addition to three of the plaintiffs' lack of administrative exhaustion, the plaintiffs' amended complaint also neglects to explain how §§ 1421, 1447(b), and 1451(a) of the INA apply to the provided facts. *See* 8 U.S.C. § 1421 (providing judicial review where an application for naturalization is denied); *id.* § 1447(b) (allowing a court to review a naturalization application if the Attorney General fails to make a determination on the application); *id.* § 1451(a) (granting the Attorney General power to revoke a certificate of naturalization). The amended complaint still does not articulate how defendants' actions violate these provisions.

The amended complaint also fails to state factual allegations demonstrating how the APA was violated. Like their previous complaint, "plaintiffs do not explain what process they were denied when their naturalization certificates were cancelled, especially when plaintiffs *were* provided with hearings and a right to appeal." ECF No. 18 at 15. Additionally, plaintiff Xia still has an alternative judicial remedy available to her—§ 1503 of the INA—which precludes her claims under the APA. *Id.* The plaintiffs explicitly invoke § 1503 in their amended complaint, but this remedy is only available to Xia, due to the other plaintiffs' failure to exhaust.

In sum, the plaintiffs have failed to cure inadequacies present in their previous complaint that led this Court to dismiss their claims under Rule 12(b)(6). Thus, granting the plaintiffs leave

to amend their complaint would inevitably prove futile with respect to their restated claims under the Fifth Amendment, the APA, the CRA, and the INA, as well as their added INA § 1447 claim. This leads the Court to its final necessary determination: whether plaintiff Xia's newly stated § 1503 claim would survive a motion to dismiss and therefore make plaintiffs' filing of the amended complaint a worthwhile exercise.

## B. Improper Venue for § 1503 Claim

Plaintiffs' amended complaint repeatedly states that Xia is a resident of New Jersey. Am. Compl. ¶¶ 7, 75. Consequently, the only proper venue for her § 1503 claim is in the U.S. District Court for the District of New Jersey. 18 U.S.C. § 1503(a). Though the plaintiffs respond to the defendants' venue challenge with the assertion that "[a]t the time of accrual of the triggering issue, and at the time of their naturalization, [the plaintiffs] all appear to be the residents of the District of Columbia or physically residing in the Greater Washington DC areas," this statement is unsubstantiated and, more importantly, is irrelevant to the Court's venue analysis. Pl.'s Reply to Def.'s Opp. 12. Where Xia resided "at the time of accrual of the triggering issue"—as described by the plaintiffs—is immaterial to determination of the proper venue for this claim.

In spite of the plaintiffs' contention that "improper venue is never a sufficient grounds for pretrial dismissal," this simply is not the case. *Id.*; *see* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district *shall dismiss*, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (emphasis added)). Thus, granting leave to amend the complaint with respect to plaintiff Xia's INA § 1503 claim would also be futile because the District of Columbia is the incorrect venue, and consequently, the claim would be dismissed by this Court.

In conclusion, because the plaintiffs' proposed amended complaint fails to rectify the previous complaint's inadequacies, and this Court is the improper venue for plaintiff Xia's § 1503 action, allowing leave to file the amended complaint would prove futile because the amended complaint would not survive a subsequent motion to dismiss. Accordingly, this Court will deny plaintiffs' motion for leave to file an amended complaint. Plaintiff Xia may file a complaint in the District of New Jersey, her place of residence, under § 1503 of the INA if she so desires.

## IV.   CONCLUSION

For the foregoing reasons, the plaintiffs' motion for leave to file an amended complaint will be DENIED. A separate order consistent with this Memorandum Opinion shall issue this date.

ROYCE C. LAMBERTH
United States District Judge

DATE:  11/19/15