UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Lihong Xia, *et al.*,

    *Plaintiffs*,

v.

Michael R. Pompeo, Secretary of State, *et al.*,

    *Defendants*.

Case No. 1:14-cv-57-RCL

## **MEMORANDUM OPINION**

Plaintiffs Lihong Xia, Wei Liu, Hua Chen, Hoi Lun Li, and Jinsong Chen have brought suit against the Secretary of State and the Secretary of Homeland Security in their official capacities for alleged violations of the Administrative Procedure Act ("APA"). Plaintiffs allege that the Department of Homeland Security ("DHS") wrongfully cancelled their certificates of naturalization and that the Department of State wrongfully revoked or refused to renew their U.S. passports. Defendants have moved for partial dismissal of certain claims and summary judgment on the remaining claims. ECF No. 61. Even though the same two attorneys represented all five plaintiffs at the summary judgment stage, only one plaintiff—Lihong Xia—responded to Defendants' Motion for Summary Judgment and Motion for Partial Dismissal.[1] ECF No. 65. Lihong Xia is also the only plaintiff who has moved for summary judgment. ECF No. 65, 67. For the reasons set forth below, the Court will grant in part and deny in part Defendants' Motion for

---

[1] Although the Court granted Ning Ye's motion to withdraw from representing Wei Liu, Hua Chen, Hoi Lun Li, and Jinsong Chen on 11/22/19 (ECF No. 72), Ning Ye and Xiaosheng Huang both represented all five plaintiffs at the time these motions, oppositions, and replies were filed. Xiaosheng Huang continues to represent all five plaintiffs, and Ning Ye now represents only Lihong Xia.

1

Summary Judgment and Motion for Partial Dismissal. The Court will also deny Plaintiff's Cross-Motion for Summary Judgment.

## BACKGROUND

### I. Procedural Posture

Plaintiffs initially brought this lawsuit in 2014. This Court dismissed all claims, but the D.C. Circuit remanded plaintiffs' APA claims back to this Court.[2] *See L. Xia v. Tillerson*, 865 F.3d 643 (D.C. Cir. 2017). In April of 2019, defendants complied with the Court's order to respond to plaintiffs' APA claims and provide the certified administrative records ("CARs") from the United States Citizenship and Immigration Services ("USCIS") and the State Department for all five plaintiffs. This Court must now determine whether defendants complied with the APA when cancelling plaintiffs' certificates of naturalization and when revoking or refusing to renew their U.S. passports.

### II. Naturalization & Passport Procedures

The U.S. government has very specific procedures for both obtaining and cancelling certificates of naturalization. Cancellation of a certificate of naturalization also directly impacts a person's U.S. passport if that certificate was used as the basis for proving citizenship.

#### A. Obtaining Certificates of Naturalization

An applicant for naturalization must file a Form N-100, an Application for Naturalization, and the required filing fee to begin the citizenship process. 8 C.F.R. §§ 103.7,

---

[2] The D.C. Circuit also remanded plaintiffs' claims under 8 U.S.C. § 1503, but this Court is not the appropriate venue for making those claims. Therefore, this Court dismissed those claims without prejudice so that plaintiffs could refile in the appropriate venue. ECF No. 42 at 3.

2

316.4. USCIS will then accept the application, complete a background check, and schedule an interview with the applicant. 8 C.F.R. §335.2. There are multiple levels of review before an applicant is approved and permitted to take the Oath of Allegiance. A person cannot become a citizen of the United States unless all steps in the naturalization process are properly completed and "all statutory requirements are complied with." *United States v. Ginsberg*, 243 U.S. 472, 475 (1917); see *Fedorenko v. United States*, 449 U.S. 490, 506 (1981) (explaining that "[t]here must be strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship.").

### B. Cancelling Certificates of Naturalization

Although a certificate of naturalization generally constitutes proof of U.S. citizenship (8 U.S.C. § 1449), the certificate itself does not confer citizenship status if it was acquired unlawfully. *Matter of Zhang*, 27 I. & N. Dec. 569, 573-74 (BIA 2019).[3] USCIS is thus authorized to cancel any certificate that it determines "was illegally or fraudulently obtained" or "created through illegality or by fraud." 8 U.S.C. § 1453. Before cancelling a certificate, however, USCIS must provide written notice to the certificate's holder and state its basis for believing that the certificate should be cancelled. *Id.* The notice must also advise the holder that she or he has sixty days to respond in writing under oath or affirmation to demonstrate why the certificate should not be cancelled. *Id.*; 8 C.F.R. § 342.1. Additionally, the notice must advise the holder of the right to appear in person before a naturalization examiner (with or without an attorney) to demonstrate why the certificate should not be cancelled. 8 C.F.R. §§ 342.1, 342.5. If someone goes through either the written or in-person response process and USCIS still decides to

---

[3] Even without case law to establish this principle, it would simply be common sense that any certificate which was illegally obtained is invalid.

cancel the certificate, she or he has thirty days to file a timely notice of appeal to the USCIS Administrative Appeals Unit ("AAU"). 8 C.F.R § 103.3(a)(2)(i).

### C. Revoking or Refusing to Renew U.S. Passports

The State Department has authority to issue passports to U.S. citizens. 22 C.F.R. §§ 51.2(a), 211(a), 212. U.S. passports "have the same force and effect as proof of United States citizenship as certifications of naturalization or of citizenship issued by the Attorney General or by a court having naturalization jurisdiction." 22 U.S.C. § 2705. The State Department's authority to revoke passports comes from 22 C.F.R. § 51.62. The State Department may revoke a passport if it finds "that the bearer of the passport is not a U.S. national, or the Department is on notice that the bearer's certificate of citizenship or certificate of naturalization has been cancelled." 22 C.F.R. § 51.62(b). When someone's passport is revoked or someone's application is denied based on a finding of non-nationality pursuant to § 51.62(b), there is no opportunity for that person to attend an administrative hearing or ask the agency to reconsider. *See* 22 C.F.R. §§ 51.70(a), (b)(5). The only form of relief available is to seek review in federal court under 8 U.S.C. § 1503(a).

## STATEMENT OF FACTS

From the early 1990s until his arrest and resignation in 2006, a USCIS employee named Robert Schofield used his position to fraudulently and illegally issue numerous false immigration documents to ineligible immigrants in exchange for bribes. Mr. Schofield pled guilty to Bribery of a Public Official in violation of 18 U.S.C. §§ 2, 201(b)(2)(C) and to Aiding and Abetting Procurement of Citizenship or Naturalization Unlawfully in violation of 18 U.S.C. §§ 2, 1425. As part of his plea agreement, Mr. Schofield cooperated with numerous law enforcement

agencies, including the Federal Bureau of Investigation, the State Department's Diplomatic Security Service, DHS, and the USCIS Office of Fraud Detection and National Security. The information that he provided implicated the plaintiffs in this case.

*Plaintiff 1: Lihong Xia*

On October 21, 2011, USCIS sent Lihong Xia ("Ms. Xia") a Notice of Intent to Cancel Certificate of Naturalization. She requested to appear in person, and after USCIS repeatedly rescheduled to accommodate her, she appeared briefly at the hearing but did not remain for its entirety. Her attorney then agreed to continue the cancellation proceedings on paper, and USCIS ultimately cancelled Ms. Xia's certificate on October 25, 2013. She appealed this decision to the AAU, who dismissed her appeal on December 13, 2014. Because her certificate had been cancelled, the State Department also revoked her passport. Her attorney asked for review of the decision to revoke her passport, but the State Department correctly explained that no review is available through their agency. The State Department also informed her that if she obtained a valid certificate of naturalization, she would be permitted to apply for a new passport.

*Plaintiff 2: Wei Liu*

On May 15, 2012, USCIS sent Wei Liu ("Mr. Liu") a Notice of Intent to Cancel Certificate of Naturalization. Mr. Liu requested to appear in person before a naturalization examiner, and his hearing was conducted on June 27, 2013. USCIS subsequently cancelled his certificate on September 4, 2013, and he did not appeal that decision to the AAU. The State Department did not revoke his passport, but after it expired, he applied for a new one. The State Department denied that application on the basis that his certificate of naturalization had been revoked.

*Plaintiff 3: Hua Chen*

On May 15, 2012, USCIS sent Hua Chen ("Ms. Chen") a Notice of Intent to Cancel Certificate of Naturalization. Ms. Chen requested to appear in person before a naturalization examiner, and her hearing was conducted on June 27, 2013. USCIS subsequently cancelled her certificate on September 4, 2013, and she did not appeal that decision to the AAU. The State Department did not revoke her passport, but it expired in 2012. The State Department then denied her application for a new passport.

*Plaintiff 4: Hoi Lun Li*

On May 30, 2012, USCIS sent Hoi Lun Li ("Ms. Li")[4] a Notice of Intent to Cancel Certificate of Naturalization. Ms. Li initially requested to appear in person before a naturalization examiner, but she later waived her right to that hearing. USCIS cancelled her certificate on January 22, 2013, and she did not appeal that decision to the AAU. The State Department revoked her passport on March 13, 2013 because her certificate had been cancelled.

*Plaintiff 5: Jinsong Chen*

On July 12, 2013, USCIS sent Jinsong Chen ("Mr. Chen") a Notice of Intent to Cancel Certificate of Naturalization. Mr. Chen requested to appear in person before a naturalization examiner, and his hearing was held on December 14, 2014, with his attorney appearing telephonically. At this hearing, Mr. Chen admitted that he was not properly interviewed for naturalization, that he did not independently take or pass any naturalization exams, and that he

---

[4] The defendants refer to Hoi Lun Li as both "Mr. Li" and "Ms. Li" in different parts of their Motion for Summary Judgment and Motion for Partial Dismissal. ECF No. 61. For example, on page 10, the defendants refer to Hoi Lun Li as "Mr. Li" six times; however, beginning on page 27, the defendants repeatedly refer to her as "Ms. Li." The defendants then say "Mr. Li" ten more times on pages 42-43. Based on the pronouns used in the Complaint, the Court was able to determine that Hoi Lun Li is female. ECF No. 1 at ¶ 34. The fact that the defendants could not be bothered to use the appropriate prefix for the plaintiff shows laziness and disrespect. In the future, this Court expects far better from counsel.

did not take the Oath of Allegiance. He also admitted that he obtained his certificate illegally. USCIS cancelled his certificate on March 9, 2015, and he did not appeal that decision to the AAU. The State Department did not revoke his passport, but it expired in 2015. Mr. Chen claims that he attempted to apply for a new one, but the State Department's records do not indicate that he ever reapplied for a new passport.

## LEGAL STANDARD

### I. Legal Standard for a Motion to Dismiss

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) governs the motion to dismiss. The Court must grant dismissal if it lacks subject-matter jurisdiction, as "subject-matter jurisdiction is an Art[icle] III as well as a statutory requirement." *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). In the administrative law context, a federal district court has no subject-matter jurisdiction over a claim if the plaintiffs did not exhaust their administrative remedies before the agency. *See Darby v. Cisneros*, 509 U.S. 137, 146 (1993). Therefore, if a plaintiff did not exhaust all administrative remedies available under the applicable statute, the Court must grant a motion to dismiss under Fed. R. Civ. P. 12(b)(1).

### II. Legal Standard for Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact" and that she or he "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In the administrative law context, courts generally should enter summary judgment for the government unless an agency violated the APA by acting in a manner that was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This standard is "highly deferential" to the agency. *Nat'l Ass'n*

*of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 658 (2007). Courts are supposed to "presume the validity of agency action" and may not simply substitute their judgment for that of the agency's. *Southwestern Bell Tel. Co. v. FCC*, 168 F.3d 1344, 1352 (D.C. Cir. 1999); *see Rural Cellular Ass'n v. FCC*, 588 F.3d 1095, 1105 (D.C. Cir. 2009). It is a plaintiff's burden to establish that an agency's actions were invalid. If a plaintiff is able to show conclusively that the agency's decision was not "based on a consideration of the relevant factors" or that there was "a clear error of judgment," then summary judgment should be awarded to the plaintiff. If, however, a plaintiff would be unable to make such a showing, the court must grant summary judgment for the defense.

## ANALYSIS

**I. The Court will Grant in Part and Deny in Part Defendants' Motion for Partial Dismissal.**

When a plaintiff fails to exhaust his or her administrative remedies, the court lacks subject-matter jurisdiction over the claim. Here, the Court lacks subject-matter jurisdiction over Mr. Liu's, Ms. Chen's, Mr. Li's, and Mr. Chen's claims against the Secretary of Homeland Security. The Court also lacks subject-matter jurisdiction over Mr. Chen's claim against the Secretary of State.

### A. The Court will Grant Defendants' Motion for Partial Dismissal of Plaintiffs' Claims against the Secretary of Homeland Security.

DHS has moved for dismissal of four plaintiffs' claims regarding the cancellation of their certificates of naturalization. Ms. Xia is the only plaintiff who properly exhausted her administrative remedies by appealing the cancellation to the AAU, who ultimately dismissed her appeal. In contrast, Mr. Liu, Ms. Chen, Ms. Li, and Mr. Chen failed to appeal to the AAU. They

have also not stated any reason for failing to do so. It is true that the D.C. Circuit reversed this Court's previous dismissal of plaintiffs' APA claims, but the appellate court's opinion pertains only to claims brought against the State Department regarding passports. *See L. Xia*, 865 F.3d at 657-58. Here, however, the issue is not dismissal of any claims against the State Department regarding passports—instead, the Court is dismissing four of the five plaintiffs' claims relating to cancellation of their naturalization certificates. The D.C. Circuit never answered the question of whether a plaintiff who did not appeal to the AAU can bring a claim against USCIS. The answer is clearly "no."

Because this Court lacks subject-matter jurisdiction over the claim of any plaintiff who did not appeal to the AAU, the claims of Mr. Liu, Ms. Chen, Ms. Li, and Mr. Chen regarding the cancellation of naturalization certificates will be dismissed under Fed. R. Civ. P. 12(b)(1) for want of subject-matter jurisdiction. Because Ms. Xia properly exhausted her administrative remedies, the Court does have subject-matter jurisdiction over her claim regarding the cancellation of her naturalization certificate. Defendants properly identified the specific claims that should be dismissed, so their Motion for Partial Dismissal will be granted.

### B. The Court will Grant in Part and Deny in Part Defendants' Motion for Partial Dismissal of Plaintiffs' Claims against the Secretary of State.

Defendants have asked this Court to dismiss Mr. Liu's, Ms. Chen's, and Mr. Chen's claims against the Secretary of State. The Court agrees that it lacks subject-matter jurisdiction over Mr. Chen's claim, but the Court finds that it does have subject-matter jurisdiction over Mr. Liu's and Ms. Chen's claims. Mr. Chen claims that he applied for a new passport. The State Department's records do not indicate that he ever submitted this application. At the Motion to Dismiss stage, the Court must take the non-moving party's assertions as true—this means that

the Court must assume Mr. Chen did apply for a new passport. Assuming for the purposes of this motion that his assertion is true, there would *still* be no final agency action in this case. Even if he did submit this application, the State Department never accepted or rejected that application, meaning that the agency never made any decision at all, let alone a final one. Therefore, the Court will grant Defendants' Motion to Dismiss Mr. Chen's claim against the Secretary of State.

In contrast, the Court does have subject-matter jurisdiction over Mr. Liu's and Ms. Chen's claims. The State Department denied both Mr. Liu's and Ms. Chen's passport applications because their naturalization certificates had been revoked. Denial of a passport application is a final agency action sufficient to give this Court jurisdiction. The State Department seems to argue that because Mr. Liu and Ms. Chen could have reapplied if they received new certificates of naturalization, the denial was technically not final. This argument, however, fundamentally mischaracterizes the meaning of finality. The mere possibility of some hypothetical, future relief from the State Department (which would only be possible if USCIS reversed its own final decision) does not prevent the denial of a passport application from constituting a final agency decision. Therefore, the Court will not dismiss Mr. Liu's and Ms. Chen's claims against the Secretary of State under Fed. R. Civ. P. 12(b)(1).

## II. The Court will Grant Defendants' Motion for Summary Judgment on All Claims Not Dismissed under Fed. R. Civ. P. (12)(b)(1).

Summary judgment for the defense is appropriate for all claims that were not dismissed under Fed. R. Civ. P. 12(b)(1). As explained below, it is abundantly clear that neither USCIS nor the State Department acted arbitrarily or capriciously. Therefore, no plaintiff would be able to prevail on the remaining claims.

### A. USCIS's Cancellation of Plaintiffs' Certificates of Naturalization was Neither Arbitrary nor Capricious.

USCIS did not act arbitrarily or capriciously when it revoked Ms. Xia's naturalization certificate. Additionally, even if the Court had subject-matter jurisdiction over the other four plaintiffs' claims against USCIS, they would still be unable to prove that the agency acted arbitrarily or capriciously. USCIS "examined the relevant data and articulated a satisfactory explanation of its action including a rational connection between the facts found and the choice made," and thus this Court cannot overturn USCIS's decision. *Motor Vehicle Mfr. Ass'n v. State Farm Mut.*, 463 U.S. 29, 43 (1983).

An agency's decision may be arbitrary or capricious if the proper procedural steps were not followed. In this case, however, USCIS followed the proper procedural steps set forth in the relevant statutes before cancelling any of the plaintiffs' certificates. Proper notice was given under 8 U.S.C. § 1453 and 8 C.F.R. § 342.1, and that notice included the agency's rationale for believing that the certificates were fraudulent. Each plaintiff was advised that she or he had sixty days to respond in writing and could request an in-person hearing to refute USCIS's evidence. Any plaintiff who wished to have a hearing was provided with one. All plaintiffs were also given the opportunity to appeal. Only Ms. Xia took advantage of this opportunity, and although the AAU determined that cancellation was warranted, her right to appeal was honored. Additionally, an agency's decision may be arbitrary or capricious if the agency did not have sufficient facts to support that decision. As explained in the subsections below, however, the evidence that USCIS reviewed provided ample grounds for cancelling plaintiffs' passports. Plaintiffs are therefore completely unable to support their claims against USCIS, and summary judgment for the defense is appropriate.

### 1. USCIS's Cancellation of Ms. Xia's Certificate of Naturalization was Neither Arbitrary nor Capricious.

Looking first at USCIS's decision regarding Ms. Xia's certificate, the agency was well within its authority to cancel her certificate. Quite simply, her certificate was illegally obtained. Her certificate was clearly part of the same underlying activities that led to Mr. Schofield's conviction. Mr. Schofield specifically informed investigators that Ms. Xia was one of the people who bribed him with "approximately $3,000 and a laptop computer" in exchange for her certificate. Xia USCIS CAR 11, 20. Additionally, Mr. Schofield identified Ms. Xia as someone who helped him find others who were willing to pay bribes, making her a co-conspirator in his scheme. *Id.* at 8, 11.

Although the information that Mr. Schofield provided would have been sufficient to justify USCIS's decision, the evidence that she fraudulently obtained her certificate does not end there. The administrative record also reflects numerous irregularities suggesting that she never went through the proper naturalization process. USCIS noted that nothing in her file indicated that she paid her application fee, there was no stamp of approval on her application, and there was no signature of any examining officer. *Id.* at 38, 48. It was also apparent that she never took the Oath of Allegiance. *Id.* at 48. Furthermore, her certificate lists the naturalization number of another individual who properly naturalized in New Jersey in 2001. *Id.* at 36. Ms. Xia also failed to apply for lawful permanent resident status, which is a prerequisite for naturalization. *Id.* at 1. Essentially, the record shows that USCIS had overwhelming evidence of Ms. Xia's certificate being fraudulently obtained, and thus the decision to cancel that certificate could not possibly be deemed arbitrary or capricious. Therefore, summary judgment for USCIS on this claim is proper.

### 2. USCIS's Cancellation of Mr. Liu's Certificate of Naturalization was Neither Arbitrary nor Capricious.

Even if the Court did have subject-matter jurisdiction over Mr. Liu's claim against USCIS, he could not succeed because USCIS did not act arbitrarily or capriciously with respect to his certificate. The record contained evidence from Mr. Schofield's case indicating that Mr. Liu's certificate was obtained illegally. Mr. Schofield's broker and co-conspirator, Yuhua Ren ("Ms. Ren") pled guilty to bribery of a public official under 18 U.S.C. § 201(b)(1); Ms. Ren cooperated with DHS investigators and informed them that Mr. Liu paid $30,000 for certificates for both himself and his wife. Liu USCIS CAR 17, 19, 73. Mr. Liu was also indicted in the Eastern District of Virginia for Conspiracy to Commit Passport Fraud in violation of 18 U.S.C. § 371 and for Procurement of Citizenship or Naturalization Unlawfully in violation of 18 U.S.C. § 1425. *Id.* at 81-85.

Although the extensive evidence of criminal activity would have been sufficient to justify the agency's decision, there were also numerous irregularities that alerted USCIS to Mr. Liu's fraudulent scheme. Quite simply, he never went through the naturalization process and never took the Oath of Allegiance. *Id.* at 5. There is no indication that he actually applied for naturalization, and his certificate lists the naturalization number of another man by the same name who legally naturalized in 2006. *Id.* at 86. Mr. Liu never even applied to become a lawful permanent resident, which is a prerequisite for naturalization. *Id.* at 1. No USCIS officer stamped his forms to indicate that his citizenship had been approved, and no immigration officer signed his paperwork. *Id.* at 12, 16. Therefore, even if the Court had subject-matter jurisdiction over Mr. Liu's claim against DHS, summary judgment for the defendant would still be warranted because the agency's choice was rational based on the evidence it reviewed.

### 3. USCIS's Cancellation of Ms. Chen's Certificate of Naturalization was Neither Arbitrary nor Capricious.

Even if the Court did have subject-matter jurisdiction over Ms. Chen's claim against USCIS, she could not succeed because USCIS did not act arbitrarily or capriciously with respect to her certificate. The record contained evidence from Mr. Schofield's case indicating that Ms. Chen's certificate was obtained illegally. When Ms. Ren cooperated with law enforcement as part of her plea agreement, she informed investigators that Mr. Liu agreed to pay $30,000 in exchange for certificates for himself and his wife, Ms. Chen. Hua Chen USCIS CAR 63-64.

Additionally, the administrative record shows numerous irregularities indicating that Ms. Chen never went through the naturalization process. She never submitted a naturalization application and never took the Oath of Allegiance. *Id.* at 6. Her certificate contains the naturalization number of another woman by the same name who legally naturalized in 2004. *Id.* at 87-88. Ms. Chen also failed to apply for permanent resident status, which is a prerequisite for naturalization. *Id.* at 1. She never paid the proper filing fee, and there is no evidence that an immigration officer provided a stamp of approval or signed her forms. *Id.* at 12. Therefore, even if the Court had subject-matter jurisdiction over Ms. Chen's claim against the Secretary of Homeland Security, summary judgment for the defendant would still be warranted because the agency's choice was rational based on the evidence it reviewed.

### 4. USCIS's Cancellation of Ms. Li's Certificate of Naturalization was Neither Arbitrary nor Capricious.

Even if the Court did have subject-matter jurisdiction over Ms. Li's claim against USCIS, she could not succeed because USCIS did not act arbitrarily or capriciously with respect to her certificate. Ms. Li's certificate was clearly implicated in Mr. Schofield's and Ms. Ren's illegal activities. The conviction documents in both of their cases show that Ms. Li's certificate was

fraudulent. Li CAR 49, 113. There were also numerous irregularities indicating that she never went through the proper naturalization process. Her application indicated that she lived in Virginia, even though she actually lived in California at the time. *Id.* at 29, 79. Her application does not contain the signature of any examining officer. *Id.* at 82. The record also shows that Ms. Li never applied for permanent resident status, which is a prerequisite for naturalization. *Id.* at 6. No forms in her application contain a stamp of approval. *Id.* at 7. One of her forms was actually signed by Mr. Schofield, which rightfully heightened USCIS's suspicions her certificate's validity. *Id.* at 19-20. Therefore, even if the Court had subject-matter jurisdiction over Ms. Li's claim against the Secretary of Homeland Security, summary judgment for the defendant would still be warranted because the agency's choice was rational based on the evidence it reviewed.

### 5. USCIS's Cancellation of Mr. Chen's Certificate of Naturalization was Neither Arbitrary nor Capricious.

Even if the Court did have subject-matter jurisdiction over Mr. Chen's claim against USCIS, he could not succeed because USCIS did not act arbitrarily or capriciously with respect to his certificate. The administrative record reflects numerous irregularities. He never filed an application for naturalization, nor did he take the Oath of Allegiance. Jinsong Chen USCIS CAR 4. His certificate also contains a naturalization number that was never assigned to anyone, let alone to him. *Id.* Moreover, his certificate was supposedly a replacement certificate, but he never filled out the form for a replacement certificate. *Id.* at 29. Additionally, Mr. Chen never applied for permanent resident status, which is a prerequisite for naturalization. The irregularities in his file are perfectly consistent with the fraudulent schemes that Mr. Schofield described to investigators.

Perhaps the most significant evidence that USCIS reviewed was Mr. Chen's admission under oath that he obtained his naturalization via fraud. He admitted to this illegality during the hearing with his attorney present telephonically. Specifically, he told USCIS that he was not properly interviewed for naturalization, did not independently take or pass any naturalization exams, and never took the Oath of Allegiance. *Id.* at 41-42. These admissions alone are more than enough to give USCIS grounds for cancelling his certificate. Therefore, even if the Court had subject-matter jurisdiction over Mr. Chen's claim against DHS, summary judgment for the defendant would still be warranted because the agency's choice was rational based on the evidence it reviewed.

### B. The State Department did not Act Arbitrarily or Capriciously in Revoking or Refusing to Renew Plaintiffs' U.S. Passports.

The State Department did not act arbitrarily or capricious when it revoked Ms. Xia's and Ms. Li's passports. It also did not arbitrarily or capriciously when it refused to approve Mr. Liu's or Mr. Chen's passport applications. The State Department took the proper procedural steps with respect to all plaintiffs. No statute or regulation provides any internal administrative remedies when the State Department revokes a passport or denies a passport application. In fact, the law makes clear that no post-revocation hearing is provided when the State Department makes a decision about a passport after determining "that the bearer is not a U.S. national" or after learning that the person's "certificate of citizenship has been cancelled." 22 C.F.R. § 51.70(b). The only proper means of appealing the State Department's decision is to seek relief in this Court; however, it is clear that plaintiffs are not entitled to the relief that they seek, and thus summary judgment for the defense is appropriate.

### 1. The State Department's Revocation of Ms. Xia's Passport was Neither Arbitrary nor Capricious.

Based on the record, the State Department lawfully revoked Ms. Xia's passport. Under 22 C.F.R. § 51.62(b), "a U.S. passport may be revoked when it has been determined that the bearer of the passport is not a U.S. National, or the Department of State is on notice that the bearer's certificate of citizenship or certificate of naturalization has been cancelled." The State Department explained its application of that law in its decision. Specifically, the State Department noted that USCIS informed them that the naturalization certificate Ms. Xia included with her passport application had been cancelled because it was obtained unlawfully. Xia DOS CAR 30.

When Ms. Xia sent a letter to the State Department asking for reconsideration, they correctly informed her that federal regulations did not "afford her the opportunity for a post-revocation hearing." *Id.* at 37. They also informed her that if USCIS reversed its cancellation, she would be able to reapply for a new passport. *Id.* Everything that the State Department told Ms. Xia was an accurate representation of the procedures set forth under the law. The relevant regulations permit the State Department to rely upon USCIS's determination that a certificate should be cancelled; it is not the State Department's responsibility to conduct an independent inquiry into the facts that led USCIS to cancel a certificate. Therefore, the State Department's decision to revoke Ms. Xia's passport was neither arbitrary nor capricious.

### 2. The State Department's Denial of Mr. Liu's Passport Application was Neither Arbitrary nor Capricious.

Based on the record, the State Department lawfully denied Mr. Liu's application for a new passport. In support of his application, Mr. Liu provided a copy of his certificate of naturalization as evidence of his citizenship. Liu DOS CAR 13. The State Department denied his

17

application upon learning that USCIS had cancelled his certificate due to fraud, as that certificate was the only evidence he provided of his citizenship. The relevant regulations permit the State Department to rely upon USCIS's determination that a certificate should be cancelled; it is not the State Department's responsibility to conduct an independent inquiry into the facts that led USCIS to cancel a certificate. Therefore, the State Department's decision to deny Mr. Liu's passport application was neither arbitrary nor capricious.[5]

### 3. The State Department's Denial of Ms. Chen's Passport Application was Neither Arbitrary nor Capricious.

Based on the record, the State Department lawfully denied Ms. Chen's application for a new passport. In support of her application, Ms. Chen provided a copy of her certificate of naturalization as evidence of her citizenship. Hua Chen DOS CAR 1-2. The State Department denied her application upon learning that USCIS had cancelled her certificate due to fraud, as that certificate was the only evidence she provided of her citizenship. The relevant regulations permit the State Department to rely upon USCIS's determination that a certificate should be cancelled; it is not the State Department's responsibility to conduct an independent inquiry into the facts that led USCIS to cancel a certificate. Therefore, the State Department's decision to deny Ms. Chen's passport application was neither arbitrary nor capricious.

### 4. The State Department's Revocation of Ms. Li's Passport was Neither Arbitrary nor Capricious.

Based on the record, the State Department lawfully revoked Ms. Li's passport. Under 22 C.F.R. § 51.62(b), "a U.S. passport may be revoked when it has been determined that the bearer

---

[5] It is unclear from the Complaint whether Mr. Liu is also bringing a claim that the State Department's Bureau of Diplomatic Security unlawfully retained his passport. If he is bringing that claim, this Court must dismiss it for lack of subject-matter jurisdiction. Temporary retention of a passport is not a final agency action and thus is not subject to judicial review under the APA. Furthermore, his claim would be barred by the applicable statute of limitations.

of the passport is not a U.S. National, or the Department of State is on notice that the bearer's certificate of citizenship or certificate of naturalization has been cancelled." The State Department explained its application of that law in its decision. Specifically, the State Department noted that USCIS informed them that the naturalization certificate Ms. Li included with her passport application had been cancelled because it was obtained unlawfully. The relevant regulations permit the State Department to rely upon USCIS's determination that a certificate should be cancelled; it is not the State Department's responsibility to conduct an independent inquiry into the facts that led USCIS to cancel a certificate. Therefore, the State Department's decision to revoke Ms. Li's passport was neither arbitrary nor capricious.

## CONCLUSION

Based on the foregoing, the Court will **GRANT IN PART AND DENY IN PART** Defendants' Motion for Summary Judgment and Motion for Partial Dismissal. The Court will **DENY** Plaintiff's Cross-Motion for Summary Judgment.

It will be **ORDERED** that claims made by Wei Liu, Hua Chen, Hoi Lun Li, and Jinsong Chen against the Secretary of Homeland Security regarding cancellation of their certificates of naturalization will be **DISMISSED WITH PREJUDICE**.

It will be **FURTHER ORDERED** that Jinsong Chen's claim against the Secretary of State regarding his U.S. passport will be **DISMISSED WITH PREJUDICE**.

It will be **FURTHER ORDERED** that summary judgment for the defense is **GRANTED** on Lihong Xia's claim against the Secretary of Homeland Security regarding cancellation of her certificate of naturalization.

It will be **FURTHER ORDERED** that summary judgment for the defense is **GRANTED** on Wei Liu's, Hua Chen's, Hoi Lun Li's, and Jinsong Chen's claims against the Secretary of State regarding their U.S. passports.

A separate Order accompanies this Memorandum Opinion.

Date: November 25, 2019

Royce C. Lamberth
United States District Court Judge